UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al., <br><br> Respondents. | Case No.: 3:25-cv-02876-RBM-VET <br><br> **ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND MOTION TO PROCEED PSEUDONYMOUSLY** <br><br> [Docs. 4, 5] |

Pending before the Court are Petitioner's Motion for Leave to File Documents Under Seal ("Motion to Seal") (Doc. 4) and Motion to Proceed Pseudonymously ("Pseudonym Motion") (Doc. 5). Petitioner seeks to proceed pseudonymously because of "the persecution that he suffered in Russia and his fear of future persecution if returned to Russia." (Doc. 4 at 2; Doc. 5-3 [Declaration of Kristina Ghazaryan] ¶ 3].) The motions are unopposed. (Doc. 5-3 ¶ 5.)

/ / /

/ / /

## I. **PSEUDONYM MOTION**

Although petitioners must typically identify themselves in pleadings under Federal Rule of Civil Procedure 10(a), they may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal citation omitted).  The Court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.  Using this balancing test, courts have permitted plaintiffs to use pseudonyms "when identification creates a risk of retaliatory physical or mental harm." *Id.*

Petitioner argues that he should be allowed to proceed pseudonymously because he "has a reasonable fear of physical or mental harm if his identity, and information about his asylum claims, are made public during the course of these habeas proceedings." (Doc. 5-1 at 4.)  Petitioner's sworn declaration states:

> I am seeking asylum in the United States based on persecution I suffered and fear of future persecution due to my religious beliefs as an Evangelical Christian Baptist, my Ukrainian and German ethnic origins, and my political opposition to the Russian government and its war against Ukraine. . . . After the war in Ukraine began in 2022, persecution against me intensified because of my Ukrainian roots and my public opposition to the war.  I participated in peaceful anti-war protests in St. Petersburg, where I was arrested, detained, and beaten by police.  I was later threatened by authorities and warned that I would "have problems" if I continued to criticize the government or express support for Ukraine.  My name appearing in publicly accessible court records could easily be discovered by Russian authorities or pro-government individuals, who actively monitor and target opposition voices abroad.  If my identity is exposed, I fear retaliation against me and my family, who remain in Russia, and the possibility of criminal prosecution under Russian laws that punish anti-war expression and "false information" about the government.

(Doc. 5-2 [Declaration of Petitioner] at 1–2.)

Thus, Petitioner has demonstrated a sufficient need for anonymity.  *See Al Otro Lado, Inc. v. Nielsen*, Case No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D.

Cal. Dec. 20, 2017) (permitting use of pseudonyms based on fear of retaliation by third parties after plaintiffs alleged that they had suffered assault). The other factors the Court must balance do not outweigh this need. The use of a pseudonym here will not prejudice Respondents because Petitioner has already disclosed his identity to counsel for Respondents. (Doc. 5-1 at 2.) Nor will the use of a pseudonym diminish the public's understanding of the issues or resolution of Petitioner's claim. Therefore, the Pseudonym Motion (Doc. 5) is **GRANTED**.

## II.   MOTION TO SEAL

Petitioner moves to file the Pseudonym Motion under seal. (Doc. 4.) Petitioner's "grounds for wishing to file this motion under seal [are] the same reasoning already laid out . . . in the Pseudonym Motion, Petitioner's Declaration, and his attorney Kristina Ghazaryan, Esq.'s Declaration." (*Id.* at 2.)

"There is a presumptive right of public access to court records based upon common law and First Amendment grounds." The Hon. Ruth Bermudez Montenegro Civ. Chambers R. IV (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). To seal non-dispositive motions, such as the Pseudonym Motion, a party must "satisfy the less exacting good cause standard." *Chrysler Grp., LLC*, 809 F.3d at 1097. Here, for the reasons discussed above, Petitioner has shown good cause for the Pseudonym Motion to be filed under seal. Petitioner has also complied with the undersigned's Chambers Rules regarding procedures for filing documents under seal. *See* The Hon. Ruth Bermudez Montenegro Civ. Chambers R. IV-B. Therefore, the Motion to Seal (Doc. 4) is **GRANTED**.

## III.   CONCLUSION

For the foregoing reasons:

1. Petitioner's Pseudonym Motion (Doc. 5) is **GRANTED**. The parties shall submit all pleadings, briefing, and evidence using Petitioner's initials instead of his real name.

///

2. Petitioner's Motion to Seal (Doc. 4) is **<u>GRANTED</u>**. The Clerk of Court **<u>SHALL FILE</u>** Doc. 5 to the docket under seal.

   **IT IS SO ORDERED.**

DATE: November 7, 2025

*[signature]*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE